## Banas v. Heiney

*Nanovic & McKinley,* for plaintiff.

*Brose, Poswistilo, LaBarr & Jacobs,* for defendants.

HEIMBACH, P. J., April 17, 1973.—All of the above-named defendants filed preliminary objections to plaintiff's complaint. By stipulation of counsel the preliminary objections of defendants, Walter E. Heiney and Nellie H. Heiney, Stroudt Realty and Mary F. Collins, are dismissed. Argument having been had, we will now dispose of the preliminary objections filed by the remaining two defendants.

### STATEMENT OF FACTS

Plaintiff in her brief summarizes the allegations in her complaint in assumpsit as follows:

"On or about the 2nd day of September, 1970, Walter E. Heiney and his wife, Nellie H. Heiney, granted and conveyed unto Josephine Banas a tract of land situate in Lower Towamensing Township, Carbon County, Pennsylvania. Josephine Banas paid $25,000.00 for the said parcel of land which was represented as containing 33 acres. On September 8, 1970, Josephine Banas entered into a written contract of title insurance with City Title Insurance Company which was represented by its agent Lehigh Valley Title Company.

"This policy insured the Plaintiff against any and all defects, objections, liens and claims against the said parcel.

"Following the purchase of said parcel, the Plaintiff had a survey made at which time it was determined that the tract purchased actually contained only 16.0149 acres.

"Plaintiff has notified the Defendants of her claim under the policy, however, despite the Plaintiff's repeated demands for reimbursement the Defendants have failed to so reimburse Josephine Banas."

## DISCUSSION

Defendants' preliminary objections consist of:

1. A motion to file a more specific complaint.

2. A demurrer.

In disposing of defendants' preliminary objection in the nature of a demurrer, we will likewise have disposed of its motion for a more specific complaint.

Defendants say they are entitled to favorable action on their demurrer because:

1. The plaintiff has failed to plead any facts which disclose a loss cognizable under the insurance policy.

We agree.

The only facts plaintiff asserts in her complaint is

that the other defendants represented the tract of land she purchased contained 33 acres, for which she paid $25,000, whereas a later survey showed the tract contained 16.0149 acres and had an actual value of $16,-500 resulting in a loss to her of $8,500 for which she seeks a judgment.

Plaintiff predicates defendants' liability on its issuance of the herein-before referred to settlement certificate and policy of insurance, stated in her complaint as follows:

"24. Said policy insured the plaintiff against any and all defect, objection, lien and claim against the said 33 acres."

This allegation is not supported by exhibits A and B, the certificate of settlement and the insurance policy.

The policy of insurance provides:

"This Policy of Insurance, witnesseth that the CITY TITLE INSURANCE COMPANY in consideration of the sum of Ninety-Seven and 50/100 dollars, to it paid by JOSEPHINE BANAS, WIDOW does hereby insure the said JOSEPHINE BANAS, WIDOW and all other persons to whom this Policy may be transferred with the assent of this Company testified by the signature of the proper officer of this Company endorsed hereon, THAT THE TITLE OF THE ASSURED TO THE ESTATE, . . . OR INTEREST DESCRIBED IN SCHEDULE A . . . IS GOOD AND MARKETABLE, AND CLEAR OF ALL LIENS AND INCUM-BRANCES . . .; SAVING SUCH ESTATES, DE-FECTS, OBJECTIONS, LIENS AND INCUM-BRANCES AS MAY BE SET FORTH IN SCHED-ULE B, . . . (Capital letters supplied.)

"Liability hereunder shall not exceed Twenty-Five Thousand and 00/100 dollars, AND ANY LOSS SHALL BE PAYABLE UPON COMPLIANCE BY

THE ASSURED WITH THE CONDITIONS HERE-
TO ATTACHED AND NOT OTHERWISE."

Schedule B is stated as follows:

## "SCHEDULE B

"Showing estates, defects, or objections to title, and liens, charges or incumbrances thereon which do or may now exist and against which the Company does not agree to insure.

"1. — Any variation in location or dimensions and any other objections and easements which a survey for conveyance made by an official surveyor should disclose, or which are visible on the ground or are known to the assured.

"2. — Accuracy of description and dimensions and any other objections, easements or encumbrances, visible on the ground or known to the Insured,"

Since plaintiff does not allege any facts to show that her title to the tract of land described in the policy is not a good nor marketable one, affected by any liens or encumbrances, nor that the provisions set forth in Schedule B, supra, excluding insurance coverage for inaccuracy of description and dimensions and any other objection, easements or encumbrance visible on the ground or known to the insured, are not binding upon her, defendants are entitled to have the demurrer sustained.

Although it is not our opinion that plaintiff will be able to amend her complaint to meet the objections herein noted, since she predicates liability on the deficiency of acreage as found by a later survey, a deficiency, if any, excluded from coverage under the provisions of Schedule B, we, nevertheless, enter the following

## ORDER

Now, to wit, April 17, 1973, defendants' preliminary

objection in the nature of a demurrer is sustained and plaintiff is given 20 days from this date to amend the complaint to meet the deficiencies herein noted, on penalty of the complaint being dismissed.